UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JESSE A. LUTHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00083-JPH-DLP |
| | ) | |
| B. RUST, | ) | |
| J. MATLOCK, | ) | |
| B. GAYTAN, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Jesse A. Luther is a prisoner currently incarcerated at Pendleton Correctional

Facility. He alleges that defendants Officer B. Rust, Sgt. J. Matlock, and Officer B. Gayton

subjected him to excessive force in violation of the Eighth Amendment. His claims are brought

pursuant to 42 U.S.C. § 1983. He seeks injunctive relief and money damages.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has

an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the

defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any

portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks

monetary relief against a defendant who is immune from such relief.  In determining whether the

complaint states a claim, the Court applies the same standard as when addressing a motion to

dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720

(7th Cir. 2017). To survive dismissal,

[the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

The complaint alleges that on November 10, 2019, Officer Rust grabbed the plaintiff from behind to detain him. The plaintiff responded by stating, "Get off me!" and "What the f—k are you doing?" Officer Rust used "forceful activity" and the plaintiff jerked his arm away and began punching Officer Rust. In response, Officer Rust punched the plaintiff with his restraints. Officer Gaytan assisted Officer Rust and tackled the plaintiff to the ground. The officers then proceeded to continuously strike the plaintiff with handcuffs causing the plaintiff serious bodily injury. One of the officers signaled for help and Sgt. Matlock responded. After the plaintiff was face down with both arms behind his back, Sgt. Matlock screamed out stop resisting and fired his taser gun striking the plaintiff while he was already handcuffed. The plaintiff was immediately taken for medical treatment. He sustained two black eyes, lacerations, cuts, and bruises.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

All official capacity claims are **dismissed** because claims against the defendants as employees of the Indiana Department of Correction are in essence against the State of Indiana. Such claims are barred by the Eleventh Amendment to the United States Constitution, and the

doctrine of sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165 67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); *see also Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017) (the state is not a "person" that can be sued under 42 U.S.C. § 1983).

The Eighth Amendment excessive force claims against the defendants in their individual capacities **shall proceed**.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed.

If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 26, 2020,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Officer B. Rust, Sgt. J. Matlock, and Officer B. Gaytan in the manner specified by Rule 4(d). Process shall consist of the complaint filed on January 9, 2020 (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

**SO ORDERED.**

Date: 3/4/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JESSE A. LUTHER
234499
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to:

      Officer B. Rust
      Sgt. J. Matlock
      Officer B. Gaytan

      (All at Pendleton Correctional Facility)